IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| C.G., et al | ) |
| | ) |
| v. | ) NO.  3-14-2309 |
| | ) JUDGE CAMPBELL |
| CHEATHAM COUNTY BOARD | ) |
| OF EDUCATION, et al. | ) |

MEMORANDUM

Pending before the Court is Plaintiffs' Motion to Strike and/or Motion in Limine Concerning IDEA Exhaustion of Administrative Remedies (Docket No. 18). For the reasons stated herein, Plaintiffs' Motion is GRANTED.

FACTS

Plaintiffs filed this action on their own behalf and on behalf of their minor child, A.G. , who has a severe peanut allergy.  Defendants are the Cheatham County Board of Education and Chip Roney, a principal at Ashland City Elementary School, where A.G. attended.  Plaintiffs assert causes of action pursuant to Section 504 of the Rehabilitation Act ("Section 504"), the Americans with Disabilities Act, as amended ("ADA"), and the First Amendment.  Plaintiffs do not seek relief pursuant to the Individuals with Disabilities Education Act ("IDEA").

Plaintiffs allege that A.G.'s peanut allergy is a covered "disability" under the ADA and Section 504. Plaintiffs assert that in July of 2014, they provided to Defendants a letter from A.G.'s physician outlining the nature of her disability and the accommodations and modifications she would need to be safe at school. Plaintiffs contend that they tried to work with Defendants to develop an

appropriate plan for A.G. and to assure that it was properly implemented. Plaintiffs aver that Defendant Roney became angry at the subject of allergies and accommodations and began a pattern and practice of resisting their efforts and retaliating against them. Plaintiffs claim that the retaliatory practice included a false report to the Tennessee Department of Human Services ("DHS") of severe child abuse by A.G.'s parents. Plaintiffs allege that, after investigation, DHS found the false accusations against Plaintiffs to be totally unsubstantiated.

Plaintiffs seek permanent injunctive relief to prohibit any further retaliation against them and an award of damages for pain and suffering, humiliation and embarrassment, actual money losses, and attorney's fees and costs. Plaintiffs also seek punitive damages against Defendant Roney.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiffs ask the Court to strike an affirmative defense asserted by Defendants - - - IDEA exhaustion of administrative remedies. Defendants assert that, before filing a lawsuit, Plaintiffs must first exhaust their administrative remedies by filing a due process complaint with Tennessee's Administrative Procedures Division pursuant to the IDEA.

Plaintiffs argue that such exhaustion is not applicable here, where educational relief is not being sought under the IDEA. Plaintiffs point out that A.G. is not and would not be eligible for special education services under the IDEA. Plaintiffs assert that Defendants retaliated against them for their advocacy of A.G.'s rights under the ADA and Section 504. There is no evidence that Plaintiffs attempted to advocate for rights under the IDEA.

Defendants argue that exhaustion is required when a plaintiff files under another statute but is seeking relief which is also available under the IDEA. Defendants cite *S.E. v. Grant County Bd. of Educ.*, 544 F/3d 633 (6th Cir. 2008) for this proposition. In *S.E.*, the plaintiffs requested relief that

2

included provision of a compensatory education program sufficient to remediate the child's academic deficiencies. *Id*. at 642. Noting the need to assess whether the actions complained of improperly excluded child from or denied her the benefits of the education to which she was entitled, the court stated that remediation of the child's academic deficiencies was initially best addressed by educational professionals through the administrative process. *Id*.

Here, Plaintiffs contend that the remedies they are seeking are not remedies under the IDEA. They argue that the relief they seek is not available to them under the IDEA because A.G. is not eligible for relief under the IDEA. Plaintiffs do not allege that A.G. was denied a free, appropriate education; neither are they seeking a different educational placement. Plaintiffs contend that Defendants retaliated against them for exercising their rights under the ADA, Section 504 and the First Amendment in advocating for children with allergies. Plaintiffs seek permanent injunctive relief to prohibit any further retaliation against them and an award of damages for pain and suffering, humiliation and embarrassment. Their complaint centers around A.G's physical disability as it relates to a severe peanut allergy, not around an educational placement covered by the IDEA.

Defendants assert that the cost of a free appropriate public education is one of the elements of damages of Plaintiffs' claims, but it is not. Plaintiffs' claims for compensatory damages are for the intangible pain, suffering, humiliation and embarrassment, not for reimbursement of educational expenses or the costs of a free appropriate public education. The IDEA does not provide relief for pain and suffering, humiliation and embarrassment caused by retaliation under the ADA or Section 504 or the First Amendment.

For these reasons, Plaintiffs are not seeking relief which is available under the IDEA. Thus, they were not required to exhaust administrative remedies before coming into court. Plaintiffs'

Motion to Strike is GRANTED, and Defendants' affirmative defense of failure to exhaust administrative remedies is stricken.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE