```
                     UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

C.G. and B.G., individually    )
and on behalf of their         )
minor child, A.G.,             )
                               )
        Plaintiffs             )
                               )    No. 3:14-2309
v.                             )    Judge Campbell/Bryant
                               )    **Jury Demand**
CHEATHAM COUNTY BOARD OF       )
EDUCATION and CHIP RONEY,      )
individually,                  )
                               )
        Defendants             )

## **MEMORANDUM AND ORDER**

Plaintiffs have filed their Motion to Strike Defendants' Motion for Summary Judgement as a Discovery Abuse Sanction, Alternatively Motion to Compel and for Continuance of Summary Judgment Response Time (Docket Entry No. 34).

By this motion, Plaintiffs assert that Defendants have failed to respond adequately to an interrogatory and two requests for production of documents, and that this failure has materially hindered Plaintiffs in preparing their response to Defendants' motion for summary judgment (Docket Entry No. 35-4). Plaintiffs seek an order striking Defendants' motion for summary judgment as a discovery sanction or, in the alternative, an order compelling Defendants to produce the disputed discovery responses and granting Plaintiffs an extension of time thereafter within which to respond to Defendants' motion for summary judgment.

Defendants have filed their response in opposition (Docket Entry No. 41), in which they argue that the documents relating to complaints against Defendant Roney are not relevant to any claim in this case because all such complaints were received by Defendants after the matters giving rise to Plaintiffs' claims. Therefore, Defendants argue that the requested discovery is "patently irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible matter" (Docket Entry No. 41 at 1).

For the reasons stated below, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the general rule concerning the scope of discovery and states in part as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ." The Rule further provides that information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiffs claim that Defendant Roney, in his capacity as acting principal of Ashland City Elementary School, wrongfully denied their minor child reasonable accommodations for the child's severe peanut allergy as required by law, and thereafter retaliated against the Plaintiff parents after they complained about Defendant Roney's failure to provide such accommodations. During his

discovery deposition taken on August 15, 2015, Defendant Roney was asked whether there had been any complaints against him related to children with special needs or disabilities. Roney answered this question in the affirmative.

Plaintiffs argue in their motion papers that production of all parent complaints involving special needs or disabled children may be relevant to the existence of a custom, policy, or procedure of Defendants in denying requests for accommodations required by law. In response, Defendants argue that all complaints against Roney responsive to Plaintiffs' discovery requests arose after the events giving rise to Plaintiffs' complaint. Therefore, Defendants argue, such later received complaints cannot, as a matter of law, be evidence of a policy, custom or practice in existence during Plaintiffs' encounters with Defendant Roney. The undersigned Magistrate Judge is not persuaded by Defendants' argument. Without knowing the nature and substance of the complaints, it is difficult if not impossible to determine whether they would have probative value in this case. Therefore, the undersigned Magistrate Judge finds that the disputed discovery may well be relevant when considered in light of the Plaintiffs' claims in this case.

For the reasons stated above, the undersigned finds that to the extent that Plaintiffs' motion seeks an order compelling Defendants to produce these items in discovery, the motion is

3

**GRANTED**. Defendants' objections to Plaintiffs' interrogatory No. 2 and requests for production Nos. 3 and 4 are **OVERRULED**. Defendants shall respond fully to this interrogatory and these requests for production by **February 15, 2016**.

To the extent that Plaintiffs' motion seeks an extension of time within which to respond to Defendants' pending motion for summary judgment, Plaintiffs' motion is **GRANTED**. Plaintiffs shall file their response to the pending motion for summary judgment no later than **March 7, 2016**. Defendants may file an optional reply within **14 days** after the filing of Plaintiffs' response and, in any event, no later than **March 21, 2016**.

To the extent that Plaintiffs' motion seeks an award of monetary sanctions and attorney's fees, their motion is **DENIED**. As grounds for this finding, the Magistrate Judge notes that although Defendants' responses to Plaintiffs' written discovery were discussed during a telephone case management conference on December 8, 2015, no motion to compel this discovery was then pending and the Court entered no order compelling such discovery. Accordingly, the undersigned Magistrate Judge finds that an award of monetary discovery sanctions and attorney's fees at this time would be unjust.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge