IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| C.G., et al | ) |
| | ) |
| v. | ) NO. 3-14-2309 |
| | ) JUDGE CAMPBELL |
| CHEATHAM COUNTY BOARD | ) |
| OF EDUCATION, et al. | ) |

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 27). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

Plaintiffs C.G. and B.G. filed this case both individually and on behalf of their minor child, A.G. against Defendant Cheatham County Board of Education and Chip Roney, individually. Mr. Roney is the principal of the Ashland City Elementary School ("ACES"), where, at all relevant times, A.G. attended school.

Plaintiffs allege that A.G. has a severe peanut allergy which qualifies as a "disability" under both the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"). The parties agree that when A.G. enrolled at ACES, a plan was put into place to address her peanut allergy which was consistent with the recommendations of her allergist and her pediatrician.[1] In addition, various steps were taken with regard to A.G.'s classroom and transportation as recommended by her allergist.

---

[1] Among the steps taken was providing a peanut-free table in the cafeteria where A.G. could eat her meals and could be joined by others who had peanut-free meals.

Plaintiffs C.G. and B.G. contend that on several occasions, they voiced concerns to school officials about proper implementation of the Section 504 plan for A.G. and tried to strike a balance between keeping A.G. safe and isolating her from all her classmates. In their First Amended Complaint, Plaintiffs assert that, when they raised such concerns, Defendant Roney became angry, as if the matter were a nuisance, and then engaged in a pattern and practice of resistance and retaliation, including Roney's complaint to the Tennessee Department of Human Services that A.G. was being emotionally abused by her parents.

Plaintiffs' Amended Complaint asserts that Defendants have retaliated against them in violation of the ADA, Section 504, and the First Amendment of the U.S. Constitution.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

As noted above, Plaintiffs' complaints are based upon the behavior of Principal Roney towards them, allegedly in retaliation for their exercise of protected rights under the ADA, Section 504, and the First Amendment. Under the analysis for any of these claims, there are genuine issues of material fact as to what actions Defendant Roney actually took and, more specifically, as to the reasonableness of those actions in light of the facts he knew at the time.

For example, there are questions of fact as to whether it was reasonable for Defendant Roney to interpret the incidents reported to him as signs of emotional abuse. Plaintiffs argue that the Court should determine that Roney's "belief" is unworthy of credence, but determinations of credibility cannot be made in connection with summary judgment.

Again as an example, there are issues of fact as to what exactly happened with A.G.'s collection of candy at the Homecoming Parade and whether her actions in handling the candy were inconsistent with the precautions insisted upon at her school. There are factual issues concerning Roney's phone call with C.G. and whether that call reflected retaliatory motives. There are questions of fact as to whether C.G. violated board policy in handing out flyers in A.G.'s classroom and, if so, whether the "punishment" of having to check in with the school office was reasonable. Finally, there

3

are issues of fact as to whether B.G., the father, told Defendant Roney that C.G. exaggerates the severity of A.G.'s condition and, if so, how that affects the reasonableness of Roney's actions.

For these reasons, Defendants' Motion for Summary Judgment is DENIED. The trier of fact will have to determine credibility and make its judgment at trial on September 13, 2016, as previously ordered. Docket No. 45.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE